IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**CHIEF JUDGE EDWARD W. NOTTINGHAM**

Criminal Case No. 06-cr-00471-EWN

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1. MARK JUSTIN DENNY,

     Defendant.

_____

**ORDER DIRECTING TRANSFER TO FEDERAL MEDICAL CENTER FOR
COMPETENCY EVALUATION AND DETERMINATION OF SANITY AT THE TIME
OF THE OFFENSE**
_____

     A hearing was held this 6th day of July, 2007.  The Government appeared by Robert Brown. The Defendant appeared in person and by counsel, Matthew Golla.  Upon consideration of the defense and Government counsel's statements and the Court's observation of Defendant and there being no objection by either the Government or the defense, the Court finds:

     1.  Pursuant to 18 U.S.C. § 4241(a), there is reasonable cause to believe that the Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

     2.  The defendant has waived his right to counsel and he may not be aware of the requirements of  Fed. R. Crim. P. 12.2(a) of giving notice of possible reliance on an insanity defense at trial.  In order to save time, court costs and costs to the Bureau of

Prisons involved in conducting a separate, subsequent examination and evaluation of a possible sanity defense, the Court further finds a psychiatric or psychological evaluation of the defendant to determine the defendant's sanity at the time of the offense, pursuant to 18 U.S.C. § 4242(a) would be proper.

3.  Pursuant to 18 U.S.C. § 4247(b), the Defendant is hereby committed to the custody of the United States Attorney General, and shall be hospitalized in a suitable medical facility for such a reasonable period of time for the purpose of psychiatric or psychological examination under sections 4241 and 4242, to be conducted by a licensed or certified psychologist or psychiatrist. The examination under section 4241 shall not exceed 30 days, and under section 4242 shall not exceed 45 days. The director of the facility may apply for a reasonable extension of time, not to exceed 15 days for the section 4241 examination and not to exceed 30 days for the section 4242 examination, upon a showing of good cause that the additional time is necessary to observe and evaluate the Defendant.

4.  The psychological or psychiatric reports shall be prepared and filed with the court pursuant to 18 U.S.C. § 4247(c).

5.  Not later than 45 days from the date of the Defendant's arrival at the designated Federal Medical Center the Director shall notify the Court and the parties of the Defendant's mental status and prognosis anticipated in accordance with the provisions of 18 U.S.C. § 4241(d).

6.  Pursuant to 18 U.S.C. § 3161(h)(1)(A), the Court finds that the delay resulting from the determination of the Defendant's mental competency to stand trial and the

determination of the Defendant's sanity at the time of the offense is excluded from the

calculation of the time within which trial must commence.

The Court's Motion for Psychiatric or Psychological Evaluation regarding the issue

of sanity is ORDERED.

DONE and Ordered at Denver, Colorado, on this 9th day of July, 2007.

BY THE COURT:


s/ Edward W. Nottingham
CHIEF JUDGE EDWARD W. NOTTINGHAM
UNITED STATES DISTRICT COURT