IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Criminal Case No. 06-cr-00471-EWN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MARK JUSTIN DENNY,

    Defendant.

**ORDER FINDING INCOMPETENCY TO PROCEED AND DIRECTING TRANSFER TO FEDERAL MEDICAL CENTER PURSUANT TO 18 U.S.C. § 4241**

A hearing was held on the 29th day of August, 2008. The Government appeared by Robert Brown. The Defendant appeared in person, pro se and by stand-by counsel, Boston Stanton. Upon consideration of reports submitted by Dr. Cynthia Low, Bureau of Prisons Forensic Psychologist (dated October 19, 2007), and of Dr. Walter Torres (dated May 27, 2008), the Defendant's and Government counsel's statements and of stand-by counsel's statement, the Court's observation of Defendant during the course of proceedings in this case and consideration of the filings made by the defendant in this case, the Court finds and ORDERS:

    1.    Pursuant to 18 U.S.C. § 4241(a), the Court finds by a preponderance of the evidence that the Defendant is presently suffering from a mental disease or defect, including a paranoid psychosis, rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or, significantly, to assist

properly in his defense, or to represent himself.[1]  The Court finds that, as noted by Dr. Torres, past legal proceedings suggest when the defendant has taken prescribed psychopathic medication he is more stable and is competent to proceed.

2.  Pursuant to 18 U.S.C. § 4241(d), the Defendant is hereby committed to the custody of the United States Attorney General, and shall be hospitalized in a suitable medical facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.  The Court directs the Attorney General hospitalize the defendant for these purposes in a medical facility of the Bureau of Prisons which has the ability to fully address the medical issues completely and finally, within the parameters of insuring the safety of all individuals, including the defendant.[2]

FURTHER:

It is specifically ordered:

---

[1] The defendant has appeared *pro se* since July 6, 2007 [docket entry 25].  However, since the decision in *Indiana v. Edwards*, 128 S.Ct. 1379 (2008), the issue of the defendant's competency, or mental capacity, to proceed *pro se* on the merits of the case has been intertwined with the overall issue of his competency to represent himself in addressing the issue of his competency to proceed.  Dr. Torres' report [government exhibit 1], and his clarification letter dated August 27, 2008 [exhibit 4], addressed the issue of the defendant's competence to proceed *pro se*, and he opined the defendant was not competent to represent himself, or to assist in his defense, due to his mental disease or defect.  Dr. Low's report [government exhibit 2], did not address the self-representation aspect of competency, as the original commitment order was issued only three days after the defendant was permitted to proceed pro se and prior to the *Edwards* opinion.

"Criminal defendants have a constitutional right rooted in the Sixth Amendment, to conduct their own defense.  Thus a lawyer cannot be forced upon a defendant who wishes to act as his own representative, even if self representation would be detrimental to the defendant.  However, the degree of competence necessary to waive the right to counsel is identical to the degree of competence necessary to stand trial.  Therefore, it is impossible for the district court to allow the defendant to waive counsel before determining whether he was competent to stand trial." *United States v. Gagan*, 95 Fed. Appx. 941, 946-47 (10th Cir. 2004)(not selected for publication)(citations omitted).

[2] The Court is aware of the violent history surrounding the defendant's interaction with staff members of the Bureau of Prisons.

3.      The Attorney General, or his representative agency, make a report to the Court indicating whether or not the sentencing court, the United States District Court for the District or Montana, or any other court, made a recommendation to the Bureau of Prisons that the defendant be treated with medication and whether that recommendation has been consistently and constantly followed since his incarceration; and if not, why not.

4.      The Attorney General submit a psychiatric report, as differentiated from a psychological report, as to the defendant's medical condition(s) and the advisability of and value of treatment by psychopathic medication.

5.      Any report or certificate issued pursuant to Title 18, United States Code, Section 4241(e) shall also include a report and certification on the issue of the defendant's competency to represent himself.

DONE and Ordered at Denver, Colorado, on this 5th day of September, 2008.

BY THE COURT:

s/ Edward W. Nottingham
CHIEF JUDGE EDWARD W. NOTTINGHAM